UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-62408-CIV-ALTMAN/HUNT

DESTINY BAIN,

       Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner for Social Security,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 10, 14. The Honorable Roy K. Altman, United States District Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 2; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions and the Responses thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion for Summary Judgment, ECF No. 10, be GRANTED and Defendant's Motion for Summary Judgment, ECF No. 14, be DENIED for the reasons outlined below.

## BACKGROUND

Destiny Bain ("Plaintiff") filed an application for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI) benefits on May 6, 2020, alleging disability beginning on February 13, 2020. ECF No. 10 at 1; ECF No. 14 at 2. The Social Security Administration ("SSA") denied her claim at the initial and reconsideration levels.

ECF No. 10 at 1.  A hearing on Plaintiff's disability claim took place on August 19, 2021, with a supplemental hearing on April 6, 2022.  *Id.*  An Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim on June 21, 2022.  *Id.*  The Appeals Council denied Plaintiff's request for review of the ALJ's unfavorable decision on October 25, 2022.  ECF No. 14 at 2.  Plaintiff now seeks judicial review of the ALJ's decision.

## SOCIAL SECURITY FRAMEWORK

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functioning capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 2020.  ECF No. 6-1 at 25.  At step two, the ALJ found Plaintiff had the following combination of severe impairments: degenerative disc disease of the lumbar spine; status post right wrist fracture; right carpal tunnel syndrome; asthma; and neuropathy.  *Id*. at 26.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404.  *Id.* at 33.  At step four, the ALJ found Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R.

§§ 404.1567(a) and 416.967(a) with several exceptions.  *Id.* at 34.  After consultation with

a vocational expert, the ALJ determined Plaintiff could not perform past relevant work but

could work as an addresser, document preparer, and nut sorter.  *Id.* at 48.

## STANDARD OF REVIEW

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into

whether there is substantial evidence to support the findings of the [ALJ], and whether

the correct legal standards were applied."  *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th

Cir. 2002) (citing 42 U.S.C. § 405(g)).  Whether the ALJ applied the correct legal

standards is a question of law, which this Court reviews de novo.  *Graham v. Bowen*, 790

F.2d 1572, 1575 (11th Cir. 1986).  "Substantial evidence is more than a scintilla and is

such relevant evidence as a reasonable person would accept as adequate to support a

conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)

(quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).  In determining

whether substantial evidence exists, the court must scrutinize the record in its entirety,

"taking into account evidence favorable as well as unfavorable to the decision."  *Foote v.

Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the court may not reweigh the

evidence or substitute its judgment for that of the ALJ.  *Dyer v. Barnhart*, 395 F.3d 1206,

1210 (11th Cir. 2005).  Even if the evidence preponderates against the ALJ's decision,

the reviewing court must affirm if the decision applies the correct legal standard and is

supported by substantial evidence.  *See Crawford*, 363 F.3d at 1158–59.

## ANALYSIS

Plaintiff makes two arguments for remand.  First, Plaintiff claims remand is required

because the ALJ failed to explain why she rejected medical expert testimony that

established Plaintiff was disabled as a matter of law.  Second, Plaintiff argues that remand is required because the ALJ failed to articulate the evidentiary value of a medical opinion and failed to assess that opinion's consistency and supportability factors.  Each will be addressed in the order it was presented in the briefing.

      I.    <u>The ALJ's rejection of medical expert testimony.</u>

Under the regulations that apply to claims, such as this one, that are filed on or after March 27, 2017, an ALJ does not defer or give specific evidentiary weight to any medical opinion or prior administrative findings, but instead focuses on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.  *See Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 87144, at *4 (11th Cir. Jan. 10, 2022); 20 C.F.R. § 404.1520c(c)(1)-(5).  Of primary importance in this analysis are the supportability and consistency factors.  20 C.F.R. § 416.920c(b)(2).  As such, how the ALJ considers these factors must be explained, while explaining the remaining factors is optional.  *Id.*

"Under the supportability factor, '[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.'"  *Medina v. Kijakazi*, No. 21-62281-CIV-ALTONAGA/STRAUSS, 2022 WL 6572349, at *5 (S.D. Fla. Aug. 23, 2022), *report and recommendation adopted*, No. 21-62281-CIV-ALTONAGA/STRAUSS, 2022 WL 4462056 (S.D. Fla. Sept. 26, 2022) (quoting 20 C.F.R. § 416.920c(c)(1)).  "Under the consistency factor, '[t]he more consistent a medical opinion(s) or prior

administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.'" *Id.* (quoting 20 C.F.R. § 416.920c(c)(2)).  An ALJ is no longer required to assign a specific weight to medical opinions, but the ALJ must nonetheless articulate how persuasive the ALJ finds medical opinions and prior administrative medical findings to be.  *Id.* at *4.

Plaintiff's argument here concerns the testimony of Dr. Jeffrey Hansen, an orthopedic specialist who reviewed Plaintiff's medical evidence and testified at Plaintiff's supplemental hearing as an impartial medical expert.  Plaintiff makes two arguments regarding Dr. Hansen's testimony.  The first is that the ALJ erred by not adequately supporting her rejection of Dr. Hansen's medical opinion.  In particular, Plaintiff argues it was error for the ALJ to dismiss out-of-hand Dr. Hansen's assessments that Plaintiff's ailments would ultimately meet the listing requirements, thus rendering Plaintiff disabled.  Plaintiff contends the ALJ's rejection was meritless and conclusory, in that the ALJ reasoned the doctor "failed to specify the combination of impairments that, then combined, equal the listing" even though Dr. Hansen opined that Plaintiff would qualify as disabled in two distinct ways.

Defendant responds that Dr. Hansen's opinion that Plaintiff's ailments would meet the requirements of a listing impermissibly intruded on an issue reserved for the Commissioner, citing 20 C.F.R. §§ 404.1520b(c)(3) and 416.920b(c)(3).  Because of this, according to Defendant, it was not error for the ALJ to fail to provide any analysis of Dr. Hansen's opinions on that subject.  As to the evidence from Dr. Hansen that did not speak

to an impermissible subject, Defendant contends the ALJ provided proper analysis supported by objective evidence from the record.

Plaintiff replies that even if the ALJ was correct to dismiss Dr. Hansen's opinion as to whether Plaintiff's ailments ultimately met a listing, the ALJ nonetheless failed to adequately address the admittedly necessary factors of supportability and consistency. Plaintiff argues the ALJ's failure to explicitly address these factors creates a scenario where Defendant can cherry-pick an opinion to make an argument that the factors were addressed when they, in fact, were not, and thus could circumvent the intent of the regulations.   Ultimately, Plaintiff contends the ALJ's failure to adequately address the supportability and consistency factors is fatal and requires remand.

As Plaintiff points out, the ALJ found Dr. Hansen

> partially persuasive in terms of his description of the claimant's medically determinable impairments but is not persuasive in terms of his statements that the claimant's impairments equal section 1.15 of the Listing of Impairments and that she could perform not even a less than full range of sedentary work.

ECF No. 6-1 at 33.

In dismissing Dr. Hansen's assessments, the ALJ noted

> that although Dr. Hansen opined that the claimant's lumbar degenerative disc disease equals the criteria of section 1.15 of the Listing of Impairments, he failed to specify the combination of impairments that, then combined, equal the listing as set forth in 20 CFR 404.1526 and 20 CFR 416.926 and POMS DI 24508.010. Dr. Hansen instead provided a residual functional capacity that stated that the claimant could sit, stand, and walk for no more than 6 hours total in an 8 hour workday, which would not allow the claimant to work, however, the undersigned does not find Dr. Hansen's assessment to be persuasive. Dr. Henson [sic] found that the claimant's wrist and back impairments were severe, however, the recent nerve conduction studies showed that the claimant has only mild right carpal tunnel syndrome, and her wrist fracture, which had healed, showed a slight deviation. The claimant has not undergone any treatment for her wrist thus far, and had treated conservatively with a wrist brace. The evidence additionally showed

that the claimant's mild neuropathy presented on only the right side, but her physical examinations showed that she had full range of motion of the lumbar spine, and that she primarily had subjective findings of pain and tenderness. The claimant's gait was normal at various examination (Ex. 8F-11F, 14F 23F, 24F, 30F, 32F, 35F, 39F) and her gait was slow and antalgic in February 2021 and August 2021. The claimant's examinations have also demonstrated 5/5 motor strength, negative straight leg raise, and no evidence of muscle spasm (Ex. 10F), and the claimant reported improvement with using the cane in April 2021 (Ex. 17F). Despite multiple examinations that included findings of normal muscle tone, normal strength, and minimal to no neurological deficits, including normal reflexes, Dr. Hansen found that the claimant's impairments functionally equaled the listing without explanation nor did he adequately explain how the claimant could not complete a normal 8 hour workday when her actual physical examinations were mostly within normal limits other than subjective reports of pain and intermittent antalgic gait.

ECF No. 6-1 at *44–*46.

As an initial matter, the undersigned finds the ALJ has adequately explained her reasoning regarding Dr. Hansen's finding that Plaintiff could perform not even a less-than-full range of sedentary work.  As to the use of the words "supportability" or "consistency" in the analysis, the undersigned notes that "courts have held that the ALJ need not use any 'magic words' in considering the two factors." *Alvarez v. Comm'r of Soc. Sec.*, No. 20-24711-CIV-BLOOM/OTAZO-REYES, 2022 WL 2092886, at *2 (S.D. Fla. June 10, 2022) (citations omitted).  The undersigned must therefore examine whether the opinion demonstrates that the ALJ adequately considered the two factors.  The passage above is more than adequate to demonstrate she did.

As to those conclusions, the undersigned observes that a court "may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it."  *Medina v. Kijakazi*, No. 21-62281-CIV-ALTONAGA/STRAUSS, 2022 WL 4462056, at *3 (S.D. Fla.

Sept. 26, 2022) (quoting *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831 (11th Cir. 2013)).

The argument that the ALJ erred in not crediting Dr. Hansen's opinion that Plaintiff's ailments would meet a listing, on the other hand, is somewhat closer.  At issue is the idea that Dr. Hansen "failed to specify the combination of impairments that, then combined, equal the listing as set forth in 20 CFR 404.1526 and 20 CFR 416.926 and POMS DI 24508.010."  ECF No. 6-1 at *44.

Experts may opine as to whether a claimant's ailments meet a listing.  *See* 20 C.F.R. § 416.926(c).  Of course, an ALJ does not have to accept the expert's recommendation, but one can certainly be made—as it was here.  Although Dr. Hansen could have been clearer in his testimony, the undersigned cannot escape the notion that a fair reading of the transcript demonstrates that Dr. Hansen believed Plaintiff's right wrist and lower back issues would, in combination, meet the requirements of a listing.   ECF No. 6-1 at *70–71.

The ALJ need not agree with Dr. Hansen that Plaintiff's combined ailments meet a listing.  Nonetheless, "the potential impact of Dr. [Hansen's] opinion on the ALJ's analysis is strongly and reasonably disputed by the parties."  *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006).  The ALJ may have evaluated Dr. Hansen's opinion differently were his findings understood correctly.  Because of this, the undersigned cannot say the ALJ's error was harmless "without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ."  *Id.*  The undersigned, therefore, finds a remand is justified in that the ALJ's error may have had a significant influence on the evaluation of Dr. Hansen's testimony.

Although this finding is enough to justify a recommendation of remand, the undersigned nonetheless addresses Plaintiff's additional arguments for completeness' sake.

Plaintiff next argues that if there were unanswered questions, the ALJ had a duty to further inquire as to Dr. Hansen's reasoning.  Essentially, Plaintiff argues the ALJ faulted Dr. Hansen for not answering questions he was not asked.  As Plaintiff points out, an ALJ has a "duty to investigate the facts and develop arguments both for and against granting benefits."  *Sims v. Apfel*, 520 U.S. 103, 111 (2000).  According to Plaintiff, the ALJ was required to fully develop the record, and it was error not to do so.

As an initial matter, while "[an] ALJ must develop a full and fair record," it is first and foremost the claimant's responsibility to prove their disability. 20 C.F.R. § 416.912(a); see also *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  ("[T]he claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim.").   Even if there is a failure on the part of the ALJ to fully develop the record, remand is warranted only if "'the record reveals evidentiary gaps which result in unfairness or clear prejudice.'"  *Zlegenbein v. Comm'r of Soc. Sec.*, No. 3:19-CV-754-J-PDB, 2020 WL 5810226, at *4 (M.D. Fla. Sept. 30, 2020) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)).

Plaintiff complains the ALJ should have further inquired as to Dr. Hansen's reasoning if she felt he failed to adequately support his findings.  Given that the undersigned has found the record demonstrates Dr. Hansen did in fact supply his reasoning, this point appears to be moot.

II.     <u>The ALJ's failure to articulate the evidentiary value of a medical opinion.</u>

Plaintiff next argues the ALJ failed to adequately address the consistency and supportability factors in the analysis of Dr. Paul Weise's evaluation of Plaintiff's mental impairments.   Plaintiff complains that though the ALJ appears to have adopted Dr. Wiese's opinion, and therefore seems to have found it persuasive, the ALJ again failed to address the supportability and consistency factors as to the opinion.   This is important, according to Plaintiff, because Dr. Weise did not have access to the additional evidence introduced pursuant to Plaintiff's supplemental hearing, thus rendering the opinion outdated.   Without knowing how the ALJ considered Dr. Weise's opinion, particularly considering the later medical evidence, Plaintiff argues, this Court does not have an adequate basis for examining the ALJ's conclusions for error.

Defendant responds the opinion of Dr. Weise, like that of Dr. Hansen, concerned issues that were reserved to the Commissioner, and, therefore, it was not error for the ALJ to not discuss the opinions.   Defendant argues the ALJ's opinion thoroughly discusses the relevant findings, and further considered them in the context of the later medical evidence that Plaintiff argues the ALJ ignored in favor of Dr. Weise's premature findings.

Plaintiff replies that without the ALJ's required findings as to Dr. Weise regarding supportability and consistency, it is impossible to know how she came to define the limitations assessed regarding Plaintiff's mental limitations.   Because of this, Plaintiff argues, remand is required.

Looking at the record, the undersigned must agree with Defendant that the ALJ considered Dr. Weise's findings in the context of later developments.   Specifically, the ALJ stated that

> [a]lthough Dr. Wiese evaluated the evidence through Exhibit 20F and there are subsequent mental health progress notes, the claimant's mental status examination was within normal limits at her August 2021 psychiatric follow up, she was described as calm and cooperative with euthymic affect in September 2021, and while her mood was more depressed around the holidays in January 2022, the remainder of her mental status exam was normal (Ex. 29F). Similarly, the Brave Health therapy notes describe normal mental status examinations and while the claimant apparently expressed a plan to drive her car in the lake in September 2021, despite a normal psychiatric evaluation that same month at which time she was compliant with her medication, she had not been taking her medication and although her therapist recommended hospitalization, there is no indication that the claimant was Baker Acted or that she was voluntarily admitted for psychiatric treatment. The claimant subsequently reported that she had more good days than bad days, and it appears that the claimant was successfully applying the coping strategies learned through therapy to manage her symptoms.

ECF No. 6-1 at 31.

Nonetheless, Plaintiff has the better argument regarding how persuasive the ALJ found Dr. Weise's opinion.   As Plaintiff points out, the ALJ rendered an RFC in line with Dr. Weise's opinion but did not tell us how Dr. Weise's opinion factored into this determination.   "Although an ALJ is no longer required to provide a specific weight to medical opinions—a requirement under the prior regulation, *see* 20 C.F.R. § 404.1527— the ALJ still needs to articulate how persuasive the ALJ finds medical opinions and prior administrative medical findings to be."   *Elshater v. Kijakazi*, No. 22-60466-CIV-COHN/STRAUSS, 2022 WL 14890164, at *4 (S.D. Fla. Oct. 6, 2022) (citing 20 C.F.R. § 404.1520c(b)), *report and recommendation adopted*, No. 22-60466-CIV-COHN/STRAUSS, 2022 WL 14813795 (S.D. Fla. Oct. 26, 2022).   An ALJ's opinion must

"enabl[e] us on appeal to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *May v. Comm'r of Soc. Sec.*, No. 23-11633, 2024 WL 504271, at *1 (11th Cir. Feb. 9, 2024) (internal citations and quotations omitted) (cleaned up).   The undersigned finds the ALJ has inadequately articulated how persuasive she found the opinions of Dr. Weise, thus hindering the ability of a reviewing court to adequately determine the rationale of her ultimate decision.   Remand is, therefore, also recommended on this point.

Finally, the undersigned notes Plaintiff repeatedly accuses the ALJ of improperly imposing her lay opinion upon the medical evidence.  Having fully considered the record, the undersigned disagrees.  ALJs are charged with evaluating the persuasiveness of medical opinions.  Indeed, "it is the ALJ's job to evaluate and weigh evidence and to resolve any conflicts in the record." *Irwin v. Comm'r of Soc. Sec.*, No. 2:20-CV-230-MRM, 2021 WL 4077586, at *10 (M.D. Fla. Sept. 8, 2021).  Although the ALJ may have erred in her evaluation, the undersigned does not find the errors were the result of her straying outside of her duties in this manner.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS Plaintiff's Motion for Summary Judgment ECF No. 10, be GRANTED, and Defendant's Motion for Summary Judgment, ECF No. 14, be DENIED, and that the case be remanded for futher consideration in accordance with these recommendations.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C.

§ 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 23rd day of April 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Hon Roy K. Altman
All Counsel of Record

13