UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-62408-ALTMAN/Hunt

**DESTINY BAIN**,

    *Plaintiff*,

v.

**KILOLO KIJAKZI**, Acting Commissioner
for Social Security,

    *Defendant*.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 27, 2023, the Plaintiff filed her Motion for Summary Judgment (the "Plaintiff's Motion") [ECF No. 10]. The Defendant filed her own Motion for Summary Judgment (the "Defendant's Motion") [ECF No. 14] on April 18, 2023. We referred both Motions to U.S. Magistrate Judge Patrick M. Hunt for a Report and Recommendation (the "Report"). *See* Order of Referral [ECF No. 9].

On April 23, 2024, Magistrate Judge Hunt issued his Report [ECF No. 16], in which he recommended that we grant the Plaintiff's Motion and deny the Defendant's Motion. Magistrate Judge Hunt also issued the following warning:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C § 636(b)(1); S.D. FLA. MAG. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation

Report at 12–13 (first citing 11th CIR. R. 3-1 (2016); and then citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). That deadline has passed, and neither party has filed written objections to the Report. *See generally* Docket.

1

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee notes (cleaned up). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the Report, the record, and the applicable law—and finding no clear error on the face of the Report—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 16] is **ACCEPTED** and **ADOPTED** in full.

2. The Plaintiff's Motion for Summary Judgment [ECF No. 10] is **GRANTED**. The decision of the Commissioner is **REVERSED** under sentence four of 42 U.S.C. § 405(g), and this case is **REMANDED** to the Commissioner of Social Security for further administrative proceedings.

3. The Defendant's Motion for Summary Judgment [ECF No. 14] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on May 9, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record